UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD HANNAH,

    Plaintiff,                    Case No. 2:10-cv-11583-PJD-VMM

vs.                                            Hon. Patrick J. Duggan

MAZDA MOTOR OF AMERICA, INC.
d/b/a MAZDA NORTH AMERICAN
OPERATIONS,

    Defendant.
_____/

| | |
|---|---|
| EDWARDS & JENNINGS, P.C.<br>By: Alice B. Jennings (P29064)<br>Attorneys for Plaintiff<br>65 Cadillac Square, Suite 2710<br>Detroit, MI 48226<br>(313) 961-5000 | William D. Sargent (P38143)<br>Laura A. Brodeur-McGeorge (P44552)<br>Attorneys for Defendant<br>HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, Michigan 48226-3506<br>(313) 465-7000 |

_____/

## **STIPULATED PROTECTIVE ORDER**

Upon the stipulation of the parties, by and through their undersigned attorneys, and the Court being advised that the parties hereto seek certain documents and/or information that may contain proprietary business information, trade secrets, information subject to a legally protected right or right of privacy, financial and/or personal information, but otherwise may be relevant or reasonably calculated to lead to the discovery of admissible evidence and therefore a protective order is appropriate;

    1.    Definitions. When used in this Order,

        A.    The singular number includes the plural number, and vice versa.

B. "Communicate" (or variants of this verb) means to disclose, show, give, provide, make available, furnish or allow exposure of Information in any fashion to any Person;

C. "Copy" means a reproduction made through any process, including photostatic or photographic reproduction, manual recopying, microfilm, dictation, or mechanical or electronic duplication;

D. "Document" means any written, printed, typed, recorded or graphic matter, and Copies thereof, including, without limitation, any drawing, graph, chart, photograph, data compilation, invoice, purchase order, contract, correspondence, note, answers and responses to document requests and interrogatories, or any writing or other tangible thing that constitutes or contains matters within the scope of discovery under the Michigan Court Rules;

E. "Statement" means any communication effected by any means other than the exclusive use of a Document, including without limitation, an oral verbalization;

F. "Information" means all or any part of a Document or Statement, or the contents thereof, however recorded, summarized or Communicated;

G. "Confidential Information" means any Document, Statement, Information or Copy thereof that a Party believes, in good faith, constitutes that Party's trade secret, proprietary, commercially valuable, and/or competitively sensitive information, and/or information subject to a legally protected right or right of privacy, confidential research, development and/or financial or personal information.

H. "Party" means: (1) Leonard Hannah or (2) Mazda Motor of America Inc., d/b/a Mazda North American Operations.

I. "Person" means any natural person or any legal or business entity, other than a Party;

J. "Qualified Person" means any of the following:

i. Any attorney of record whose name appears on the pleadings filed in this litigation;

ii. Any Party, and, with respect to a corporate Party, any officer, agent and/or employee deemed necessary by counsel in the defense or prosecution of this litigation;

iii. Any legal assistant, associate attorney, or clerical person directly employed by and assisting an attorney of record as described in subparagraph (J)(i) above;

iv. Any stenographic and/or video reporter taking testimony in connection with this litigation;

v. Any outside consultant, witness (to the extent it relates to the witness' deposition and/or trial testimony) or expert who may testify at trial, subject to the provisions of paragraph 6(E) below; these individuals may include, but are not limited to, any actual or potential witnesses, including former employees, officers and agents of a Party provided there is a reasonable basis to believe that the witness will give testimony regarding Confidential Information;

vi. Any judicial person involved in this action and any member of his or her staff;

vii. Any mediator assigned to this case or any other Person the Parties agree to use in an effort to resolve this case; and

viii. Any Person who authored or previously received the Document, Statement, Information or Copy thereof.

2. A Party, upon good faith and reasonable inquiry, may designate as confidential any Document, Statement, Information or Copy thereof alone or in combination as Confidential

Information.  Once designated in the manner specified in paragraphs 3 and/or 4 below, such Confidential Information shall be entitled to all of the protections provided under this Order.

3. Any Document produced by a Party may be designated as containing Confidential Information by marking the initial and all accompanying subsequent pages "CONFIDENTIAL", or by other appropriate notation that clearly designates that the Document is to be treated as Confidential Information under this Order.  Any Statement may be designated as Confidential Information by actual notice to another Party's counsel or as provided in paragraph 4.  Any Information contained in or derived from any Document or Statement designated as Confidential Information or marked in accordance with this paragraph shall be deemed Confidential Information. There also may be certain documents that contain such sensitive business or personal information that the producing party wants to restrict access to such documents to counsel of record in this action.  All pages of any such document shall be marked "CONFIDENTIAL-ATTORNEY'S EYES ONLY" ("Confidential/AEO").

4. A Party may designate any Document, Statement, Information or Copy thereof that is sought, obtained or referred to in the course of a deposition as Confidential Information or Confidential/AEO, by verbally stating on the record at the deposition that the Document, Statement, Information or Copy thereof that is sought or referred to constitutes Confidential Information or Confidential/AEO material and is subject to the provisions of this Order.  A Party may also subsequently designate any Document, Statement, Information or Copy thereof that is disclosed at such deposition as Confidential Information or Confidential/AEO material by notifying the other Party in writing of the specific pages and lines of the deposition transcript that contain the Confidential Information or Confidential/AEO material within seven (7) days after receipt of the deposition transcript and exhibits.  The entire deposition and all deposition exhibits shall be

treated as Confidential Information under the terms of this Order prior to the expiration of the aforementioned seven-day period. Each Party shall attach a Copy of such written notification to the transcript and to each Copy thereof in his or her respective possession, custody or control. To the extent possible, the court reporter shall prepare both a complete transcript that is marked "Contains Confidential Information" and a separate transcript that is marked "Confidential Information Redacted" and, as necessary, "Confidential/AEO Redacted" and that has blank spaces corresponding to the location where the designated Confidential Information or Confidential/AEO material appears in the complete transcript. If during the course of a deposition, testimony is elicited which is designated Confidential Information or Confidential/AEO material, anyone other than the deponent, the court reporter, and, if no Confidential/AEO material is involved, previously designated Qualified Persons under paragraphs 1(J)(i)-(viii), will be excluded for the duration of such designated testimony.

5. Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, any Document, Statement, Information or Copy thereof that is designated as Confidential Information or Confidential/AEO material under the terms of this Order shall be treated as confidential by all Parties and shall not be disclosed except under the terms specified in this Order:

    A. In the event that any Party objects to the designation of any Document, Statement, Information or Copy thereof as Confidential Information, such Party may, in writing, request the designating Person to revoke such designation, in writing, and to remove, modify or strike out any "CONFIDENTIAL" or "CONFIDENTIAL/AEO" marking that may have been placed on the objected-to Document, Statement, Information or Copy thereof, in accordance with paragraph 3 and/or 4 of this Order. Such written request shall specifically identify the Document, Statement, Information or Copy thereof at issue.

B. The designating Person shall respond in writing within seven (7) days of receipt of the written request, or within such other period of time as stated by the Court or by the Parties' agreement. If the designating Person refuses to revoke such designation, then the designating Person's written response shall state the reason for such refusal. The failure to provide a timely written response shall be deemed an acceptance of the request to revoke the Confidential designation.

C. If the designating Person makes a timely written response refusing a request to revoke a Confidential Information designation, any Party may file a motion for an order asking that the designating Person be required to revoke such designation, in writing, and to remove, modify or strike out any "CONFIDENTIAL" or "CONFIDENTIAL/AEO" marking that may have been placed on the objected-to Document, Statement, Information or Copy thereof, in accordance with paragraph 3 and/or 4 of this Order.

D. In the event of such a motion, the Document, Statement, Information or Copy thereof at issue may be submitted to the Court for inspection *in camera*.

6. The following additional protections shall also apply to any Document, Statement, Information or Copy thereof designated as Confidential Information or "CONFIDENTIAL/AEO" under paragraphs 3 and/or 4 of this Order:

A. Except as provided herein, no Party shall Communicate Confidential Information received from the other Party to any Person other than a Qualified Person, the Party who supplied the Confidential Information, or any Person who is the source of the Confidential Information. Counsel of record who receives Confidential/AEO material from any other Party, shall not disclose the Confidential/AEO material to anyone other than counsel of record in this action, unless otherwise stipulated to by counsel for the producing party.

B. All Confidential Information and Confidential/AEO material produced or exchanged in the course of this litigation shall be used only for purposes of prosecuting and/or defending against this litigation and shall not be used for any business, competitive or commercial purpose, or any other purposes by or on behalf of any Party or other Person to whom it is disclosed.

C. Qualified Persons and Parties who receive Confidential Information shall be required to keep such Information separate and inaccessible to any Persons except Qualified Persons.

D. Prior to the disclosure of any Confidential Information to any Qualified Person other than those identified in paragraphs 1(J)(i), (ii), (iii), (iv), (vi) and (viii) above, such Qualified Person shall be advised of the terms of this Order and shall execute an Agreement to Comply with this Order in the form attached as Exhibit A. The original of such executed agreement shall be maintained by counsel of record for the Party disclosing the Confidential Information to such Qualified Person, and a copy of the executed agreement may be promptly provided to counsel for the Party that has designated the Information as Confidential Information upon reasonable request.

E. Prior to the disclosure of Confidential Information to any outside consultant or expert who may testify at trial, such consultant or expert shall be advised of the terms of this Order and shall execute an Agreement to Comply with this Order in the form attached as Exhibit A. The original of such executed Agreement shall be maintained by counsel of record for the Party disclosing the Confidential Information to such consultant or expert, and a copy of the executed Agreement shall be provided to counsel for the Party that has designated the Information as Confidential Information, upon reasonable request. Where a Party has retained an expert for consulting purposes only, a copy of the executed Agreement need not be provided to counsel for the

Party that has designated the Information as Confidential Information. However, in such case, counsel for the Party who has retained such consulting expert must provide a certification that the consulting expert has executed the Agreement, but does not have to reveal the identity of the consulting expert.

      7.     Any Party may request another Party's permission to disclose any Document, Statement, Information or Copy thereof designated as Confidential Information under paragraphs 3 and/or 4 to any Person to whom such disclosure is otherwise prohibited by this Order, as follows:

      A.     The request shall be made in writing to the Person who designated the requested Document, Statement, Information or Copy thereof as Confidential Information under the provisions of this Order. The request shall state, with specificity, the reason why disclosure is required. The request shall also identify with reasonable specificity the Confidential Information to be disclosed and the Person to whom the disclosure will be made.

      B.     The Party to whom the request is directed shall respond within seven (7) days from receipt of the request, or within such other time period as may be designated by Court order or the Parties' agreement. If the Person to whom the request is directed refuses the request, its written response shall state the reason for the refusal. The refusing Person's failure to provide a timely written response shall be deemed an acceptance of the request to disclose.

      C.     If the Party to whom the request is directed refuses to consent to its disclosure, the requesting Party may move for an order permitting the disclosure upon good cause shown. It shall be the burden of the Party seeking confidentiality under such circumstances to establish that the designated Document, Statement, Information or Copy thereof is Confidential Information within the meaning of this Order; it shall be the requesting Party's burden to demonstrate good cause as to why disclosure is justified, notwithstanding the confidential nature of

the Document, Statement, Information or Copy thereof. The requesting Party shall not make any disclosure other than that permitted to Qualified Recipients while a motion to allow or to bar such disclosure is pending.

D.  Any Party desiring to reveal Confidential Information to any Person pursuant to this paragraph shall first secure from each such Person, prior to the disclosure, a signed Agreement to Comply with this Order in the form attached hereto as Exhibit A.

8.  Any Document designated as containing Confidential Information under paragraphs 3 and/or 4 of this Order that is offered for admission into evidence or that is filed with the Court shall be marked "CONFIDENTIAL" unless otherwise ordered by the Court.

9.  Confidential Information shall not be filed with the Court except where required in connection with any motion, hearing, conference, or trial pending before the Court in this matter. Such Confidential Information shall be filed under seal or reviewed *in camera* or in accordance with the Court's own procedure or local rule. Confidential Information filed with the Court must be submitted in a sealed envelope or other such container clearly marked "Confidential" and stating substantially as follows:

> *"This envelope contains documents which are filed in this case by [name of party] and which are confidential pursuant to the Protective Order entered in this case. This envelope is to remain under seal and its contents disclosed only to the Court and those persons authorized to view its contents under the terms of the Protective Order."*

Neither the designation of any Document, Statement, Information or Copy thereof as Confidential Information or Confidential/AEO under the provisions of this Order, nor the filing of any Document, Statement, Information or Copy thereof under seal, pursuant to the provisions of this Order or otherwise, shall prevent the use, in open court, at any motion hearing, conference or trial of

this case, of any Document, Statement, Information or Copy thereof, in accordance with the Court's own procedure or local rule.

10. The inadvertent or unintentional disclosure by a supplying Party of any Document, Statement, Information or Copy thereof, not designated as Confidential Information at the time of disclosure, shall not be deemed a waiver in whole or in part of any claim of confidentiality, either as to the specific Document, Statement, Information or Copy thereof disclosed or as to any other Document, Statement, Information or Copy thereof relating thereto or on the same or related subject matter. No Party is required, however, to treat any Document, Statement, Information or Copy thereof as Confidential Information unless and until designated as Confidential Information by the supplying Party pursuant to the terms of this Order. Should any Confidential Information be disclosed, through inadvertence or otherwise, to any Person not authorized to receive it under this Order, then the disclosing Person shall promptly (a) identify the recipient and the circumstances of the unauthorized disclosure to the relevant producing Person and (b) use best efforts to bind the recipient to the terms of this Order. No Confidential Information or Confidential/AEO material shall lose its status as Confidential Information or Confidential/AEO material if disclosed to a Person not authorized to receive it under this Order.

11. This order may be amended by the written agreement of counsel for the Parties in the form of a stipulated order, provided that it meets with the Court's approval.

12. Within thirty (30) days after the conclusion of this litigation, including the exhaustion of all appeals, any Document, Statement, Information or Copy thereof designated as Confidential Information that has been produced by a supplying Party, and all summaries, lists, indices or compilations derived from or related to such Confidential Information, shall be destroyed or returned to the supplying Party. This Order shall continue to be binding after the conclusion of

this litigation, except that a Party may seek the permission of the supplying Party or may seek a further order of the Court with respect to the dissolution or modification of this Order, but shall be bound by this Order unless and until such permission or further order is obtained, and shall then only be released to the extent of such permission or further order. The Parties' counsel shall also take any affirmative steps necessary to ensure the return of any document filed under seal with a court pursuant to the governing court rules. This provision shall not apply to Copies of pleadings, summaries or briefs maintained by the Parties' counsel in their respective litigation files maintained in the ordinary course of business.

13. The attorneys of record are responsible for employing measures to control, consistent with this Order, the use of, duplication of, access to, distribution of, and any dissemination of Confidential Information. Parties shall not duplicate any Confidential Information except to the extent consistent with the provisions herein.

14. The entry of this Order has no effect upon, and its scope shall not extend to, a producing party's use of its own Confidential or other materials which such producing party produces to another party or otherwise.

15. The entry of this Order shall not prevent a producing party from otherwise objecting to discovery which it/he/she believes to be improper, or where otherwise appropriate. The entry of this Order shall not preclude a producing party from objecting to discovery, or to other disclosure, where such party believes that, notwithstanding that terms hereof, production or disclosure in response to a discovery request or otherwise, is objectionable, or will, in the absence of further relief, result in objectionable or improper disclosure, such as, but not limited to, disclosure of privileged, confidential and/or proprietary business information.

16. Neither the entry of this Order, nor anything in this Order, shall constitute an admission, agreement, finding or ruling that any Document, Statement or Information is or is not subject to discovery, or is or is not admissible as evidence in this case.  Neither the entry of this Order, nor anything in this Order shall diminish, eliminate, or otherwise affect any claim or position that any Party may assert, or has asserted, in this case.  The designation of any Document, Statement, Information or Copy thereof as Confidential Information or Confidential/AEO material, and/or the failure of any Party to challenge such a designation by another Party, shall have no meaning or effect whatsoever with respect to the substantive issues in this litigation and with respect to the claims or defenses of any Party hereto, and shall not be construed as an admission or agreement that any information and/or specific Document, Statement, Information or Copy thereof is or is not confidential, proprietary and/or or a trade secret.

17. This stipulation shall be binding on the Parties hereto, pending submission to and action hereon by the Court; the decision of the Court with respect to the Parties' application to have this stipulation "so ordered," and the order actually entered by the Court on such application, shall supersede this stipulation and the terms hereof.

18. Nothing contained in this Order shall preclude or prevent any Party from seeking a greater degree of protection for any Document, Statement, Information or Copy thereof either by stipulation or by court order.

IT IS SO ORDERED.

       s/Patrick J. Duggan
       Patrick J. Duggan
       United States District Judge

Dated: November 1, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2010, by electronic and/or ordinary mail.

       s/Marilyn Orem
       Case Manager

The undersigned hereby stipulate to the entry of the forgoing order:

Respectfully submitted,

| | |
|---|---|
| /s/ Alice B. Jennings (w/permission) | /s/ Laura A. Brodeur-McGeorge |
| Alice B. Jennings (P29064) | William D. Sargent (P38143) |
| EDWARDS & JENNINGS, P.C. | Laura A. Brodeur-McGeorge (P44552) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 65 Cadillac Square, Suite 2710 | HONIGMAN MILLER SCHWARTZ AND COHN LLP |
| Detroit, MI 48226 | 2290 First National Building |
| (313) 961-5000 | 660 Woodward Avenue |
| ajennings@edwardsjennings.com | Detroit, Michigan 48226-3506 |
| | (313) 465-7000 |
| | lbrodeur-mcgeorge@honigman.com |

Dated: October 21, 2010

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD HANNAH,

    Plaintiff,

vs.

MAZDA MOTOR OF AMERICA, INC.
d/b/a MAZDA NORTH AMERICAN
OPERATIONS,

    Defendant.

                                             /

Case No. 2:10-cv-11583-PJD-VMM

Hon. Patrick J. Duggan

EDWARDS & JENNINGS, P.C.
By: Alice B. Jennings (P29064)
Attorneys for Plaintiff
65 Cadillac Square, Suite 2710
Detroit, MI 48226
(313) 961-5000

William D. Sargent (P38143)
Laura A. Brodeur-McGeorge (P44552)
Attorneys for Defendant
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506
(313) 465-7000

                                             /

## EXHIBIT A

## AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER

I hereby acknowledge that I have read the foregoing Stipulated Protective Order, that I am to become a "Qualified Person" within the terms of that Order, and that I understand the terms thereof and agree to be bound by such Stipulated Protective Order. Without limiting the foregoing, I agree not to disclose to any other Person or entity the contents or substance of any "Confidential Information" shown or disclosed to me pursuant to the Stipulated Protective Order, except as allowed by the Stipulated Protective Order.

I hereby acknowledge that, by affixing my signature thereto, I have consented to the personal jurisdiction in any state or federal court located in the State of Michigan.

I hereby further acknowledge that I will use this Confidential Information only in connection with this litigation and not for any other purpose.

_____  _____
Date                         Print Name

                             _____
                             Signature

DETROIT.4353958.1

15